IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-29-FL

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>)<br>) |
| JOHN GUERRIERO and KEVIN GALLAGHER, | )<br>)<br>) |
| Defendants. | )<br>) |

This cause is before the Court upon the following motions *pro se* motions filed by Defendant Kevin Gallagher ("Defendant"):

      1) A request for the appointment of counsel (DE-18);

      2) A request for miscellaneous relief (DE-25); and

      3) A motion for an extension of time (DE-29).

Each of these motions has been referred to the undersigned and is now ripe for adjudication.

**Motion for Appointment of Counsel (DE-18)**

Defendant first states that he is "actively seeking legal counsel to help [him] deal with this case." (DE-18). He further notes that "[t]he lawyers [he] spoke [to] were far [too] expensive . . ." He therefore requests that this Court appoint him counsel. While federal funds are available to compensate defense attorneys in criminal cases, *see* 18 U.S.C. § 30006A(2)(B)(2000), the Court itself has no funds to appoint and pay attorneys in civil actions. Specifically, 28 U.S.C. § 1915(e)(1) (2000), requires a court to provide for representation only in "exceptional

circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984) (holding that 28 U.S.C. § 1915 (2006) does not authorize compulsory appointment of counsel), *abrogated on other grounds by* Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989). Absent such exceptional circumstances, the court's authority to request counsel is discretionary, not mandatory. *Id*. Whether "exceptional circumstances" exist which warrant the appointment of counsel depends on two factors: "the type and complexity of the case, and the abilities of the individuals bringing it." *Id.* No exceptional circumstances have been presented by Defendant in this case. Defendant is clearly literate and has been able to file coherent pleadings with the Court. The legal standards in this case are not so complex that Defendant will be severely prejudiced by proceeding *pro se*. Because the Court concludes that the assistance of counsel is not required, Defendant's motion is DENIED.

**Motion for miscellaneous relief (DE-25)**

On May 5, 2011, Defendant filed a motion requesting, *inter alia*: 1) a meeting with co-Defendant's counsel to discuss various issues regarding this case; 2) "if nothing has been agreed upon . . . to start the clock once again and keep our original schedule . . ."; 3) the entry of an order instructing "both Defendants to sit down and work this out . . ."; and 4) the entry of an order instructing "all parties to come together." (DE-25). However, on May 9, 2011, counsel for co-Defendant John Guerriero filed a notice stating that "that the co-Defendants in the above-captioned case have reached a settlement in principal regarding the disputed life insurance proceeds filed by the Interpleader Plaintiff with the Clerk of Court." (DE-24). Thus, Defendant's requests appear to be moot. In addition, Defendant has not stated good cause for the relief he requests. For these reasons, Defendant's motion for miscellaneous relief (DE-25) is DENIED.

**Motion for an extension of time (DE-29)**

Finally, on July 22, 2011, Defendant requested that "the Rule 16 Hearing [be conducted] after [he] return[s] from surgery and [physical therapy] . . . [October] would be fine . . ." (DE-29). In support of this motion, Defendant notes that he "is in the process of seeking out a capable lawyer . . . and [he needs] to make certain adjustments." *Id.* Defendant also notes that he will be in New York City from July 24, 2011 until September 7, 2011 for spinal surgery. *Id.* On July 13, 2011, Defendants were ordered to file a Settlement Status Report and a Stipulation of Dismissal no later than August 11, 2011. (DE-18). Defendants were further notified that if they failed to do so, they would be required to participate in a Rule 16 status conference, and that no further extensions would be granted. *Id.* Accordingly, Defendant's request for an extension of time (DE-29) is DENIED.

**Conclusion**

For the aforementioned reasons, the instant motions (DE's 18, 25, & 29) are DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, August 18, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE